**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0575-18T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

RENE RODRIGUEZ,

      Defendant-Appellant.

_____

Submitted November 6, 2019 - Decided November 13, 2019

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey,
Law Division, Union County, Accusation No.
05-11-1496.

Eric M. Mark, attorney for appellant.

Lyndsay V. Ruotolo, Acting Union County
Prosecutor, attorney for respondent (Timothy M.
Ortolani, Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This matter returns to us following the Supreme Court's 2018 order granting defendant Rene Rodriguez's petition for certification from our 2017 opinion affirming the denial of his petition for post-conviction relief, State v. Rodriguez, A-2212-15 (App. Div. July 19, 2017), and summarily remanding to the trial court for an evidentiary hearing, State v. Rodriguez, 232 N.J. 299, 299-300 (2018). Judge Caulfield conducted that hearing, at which both defendant and the public defender who represented him in connection with his 2005 plea testified. In a cogent and comprehensive opinion delivered from the bench, Judge Caulfield found the petition time barred by Rule 3:22-12(a)(1) without excusable neglect and, based on the testimony adduced at the hearing, that denial of the petition would not result in a fundamental injustice.

Specifically, Judge Caulfield did not believe defendant's testimony that his counsel told him he had to plead guilty, and that she never reviewed the plea forms with him and did not discuss immigration issues or possible defenses. The judge noted defendant testified his attorney told him it was unlikely he would be deported, which he took "to mean that he would not have any immigration issues" if he pleaded guilty. Judge Caulfield found "[d]efendant may have believed that deportation was not likely, maybe even a

remote possibility but he surely knew about the risk that he could be deported if he pled guilty."

The judge found "it doesn't make any sense" that "[f]aced with the potential of deportation but with an offer of probation," that "defendant would have rejected the offer especially in light of [defendant] having [admittedly] sold drugs and there being drugs found in the car following the consent [to search] form being signed and while he was both within 1000 [feet] of a school and 500 feet of a public park." Judge Caulfield found that "[h]owever unlikely defendant thought deportation to be, he was warned of that consequence and pled guilty knowing he could be removed from the United States since he did not enter the country legally." She thus found defendant's counsel's advice in 2005 "was accurate, was not misleading, [and] was correct at the time."

The judge rejected defendant's argument that his failure to file a timely petition was excusable because he did not learn of his counsel's alleged mis-advice about the risk of deportation until he was detained by immigration authorities nine years after his guilty plea, finding defendant was certainly aware of the issue and simply "sat on his rights." Further, the judge found enforcement of the time bar would not result in a fundamental injustice, because defendant never claimed he was innocent of the drug charges, and the

3

record establishes defendant entered "a knowing, voluntary and intelligent guilty plea." Addressing defendant's remaining ineffective assistance claims on the merits, the judge found defendant's counsel was not ineffective for failing to pursue a pretrial intervention application or suppression motion as neither had any reasonable chance of success, and that by negotiating a probationary sentence for second- and third-degree drug charges, defendant's counsel secured for him a quite favorable plea.

Defendant appeals, arguing his delay in filing was not neglectful, and even if it was, it was excusable. He also argues enforcement of the time bar would result in a fundamental injustice because his counsel's failure to apply for PTI did not meet "the most minimal level of competence," that plea counsel "affirmatively misadvised" him about the immigration consequences of his plea, failed to pursue potentially meritorious defenses, and did not negotiate a non-deportable plea.

Our review of the record convinces us that none of these arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Defendant's arguments reduce to quarrels with the judge's fact finding, which we are simply in no position to reject. See State v. McNeil-Thomas, 238 N.J. 256, 271-72 (2019). We affirm the denial of defendant's petition substantially

for the reasons expressed by Judge Caulfield in her thorough and thoughtful opinion from the bench on September 21, 2018.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION